# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PEGGI WALDEN, § § § *Plaintiff,* § v. § § WALMART STORES TEXAS, LLC, § d/b/a WALMART, § § *Defendant.* § § | Civil Action No. 4:24-cv-1010 Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Partial Motion to Dismiss General Negligence Claims (Dkt. #9). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

This case arises from a trip and fall in which Plaintiff suffered significant injuries allegedly due to Defendant's negligent maintenance of the premises (Dkt. # 8 at p. 3). On December 18, 2024, Plaintiff filed its First Amended Complaint bringing causes of action for general negligence and negligence under a premises liability theory (Dkt. #8 at pp. 3–6). On January 7, 2025, Defendant moved for partial dismissal of Plaintiff's general negligence claims, arguing that the Court should dismiss the claim because "it is evident from the face of the Complaint that Plaintiff's claims alleged against [Defendant] sound exclusively in premises liability" (Dkt. #9 at p. 2). To date, Plaintiff has not responded. The Court will now consider the Motion.

### LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV.

P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

      A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

      In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts

to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Texas law clearly distinguishes between premises liability and general negligence. As the Fifth Circuit and Texas Supreme Court have consistently recognized, when an injury arises from a property condition rather than a contemporaneous negligent activity, the claim sounds exclusively in premises liability. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017) (citing *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)); *Austin v. Kroger Texas L.P.*, 746 F.3d 191, 196 (5th Cir. 2014).

Here, Plaintiff's allegations stem entirely from her trip and fall on allegedly uneven concrete while working in Walmart's outdoor garden area. (Dkt. #8 at ¶¶ 9–10). Plaintiff's Complaint makes no assertion that Plaintiff's injuries were caused by any contemporaneous negligent activity by Defendant or its employees (Dkt. #9 at p. 2; *see generally* Dkt. #8). Instead, it consistently describes a condition of the premises—the uneven floor—as the cause of her harm (Dkt. #9 at p. 4; *see, e.g.*, Dkt. #8 at ¶¶ 12, 14–15). As the Court has previously held, such allegations implicate premises liability to the exclusion of any general negligence claim. *See Barahona v. Target Corp.*, No. 4:24-

CV-273, 2024 WL 5058971, at *4 (E.D. Tex. Dec. 10, 2024) (Mazzant, J.) (quoting *Barron v. United States*, 111 F.4th 667, 671 (5th Cir. 2024)).

Because Plaintiff's general negligence allegations merely duplicate her premises liability theory and do not identify any distinct negligent activity, these claims fail as a matter of law. *See id*. Accordingly, the Court finds that Plaintiff's general negligence claims should be **DISMISSED with prejudice**.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Partial Motion to Dismiss General Negligence Claims (Dkt. #9) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's general negligence claims are hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

SIGNED this 7th day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE